PEOPLE ex rel. WEISZ *v.* MILLARD DIVISION. 581

App. Div.]   Second Department, January Term, 1903.

---

The People of the State of New York ex rel. Charles E. Weisz, Appellant, *v.* The Millard Division, No. 104, Order of Railway Conductors of America, Respondent.

*Secret order — motion by a member to compel its secretary to communicate to him its unwritten work and password, denied — the order is a necessary party thereto.*

A court will not entertain a motion by a member of a division of a secret fraternal order to compel the secretary and treasurer of the division to communicate to him its unwritten work and password, particularly where neither the order nor the division is a party to the proceeding and where the moving party made no attempt to secure relief within the order.

Appeal by the relator, Charles E. Weisz, from an order of the Supreme Court, made at the Kings County Special Term, and entered in the office of the clerk of the county of Kings on the 26th day of December, 1901, denying the relator's motion to punish for contempt of court William Faulkner, as secretary and treasurer of the defendant.

*William Cantwell* and *Jacob Stiefel,* for the appellant.

*Thomas Watts,* for the respondent.

HIRSCHBERG, J. :

The relator obtained an order of the Supreme Court requiring William Faulkner, as secretary and treasurer of the Millard Division, No. 104, Order of Railway Conductors of America, to show cause why he should not be punished for contempt of court for his failure to issue to the relator " a transfer card or other proper papers, to enable him to be transferred to Neptune Division, No. 169, Order of Railway Conductors of America, at Jersey City, N. J.," and also why he, the relator, " should not be given the unwritten work and semi-annual pass-word of said order or division." On the return of the order to show cause the relator's application was denied, and from the order denying it this appeal is taken.

It appears that the relator, who was formerly a member of Millard Division of the Order of Railway Conductors of America, located at Middletown, Orange county, N. Y., was expelled from the order on or about February 5, 1899, but procured his reinstatement by mandamus in June, 1900. The writ in terms required his restoration to all the rights and privileges possessed by him prior to his expulsion.. Thereafter he was so restored by resolution adopted by the division, due return to that effect was made to the writ, the costs were paid, and on January 21, 1901, he was notified in writing by Faulkner that full compliance had been accorded to the requirements of the judgment of the court. Thereafter he demanded from Faulkner, the secretary and treasurer of the division, by mail, a transfer card for the transfer of membership as recited in the order to show cause, and also the unwritten work and semi-annual password, and upon failure to receive them instituted these proceedings.

As to the unwritten work and password, it is to be noted that there is no application to punish for contempt in failing to deliver them, but the proceeding is to be regarded merely as a motion made in court on the part of one member of an order to compel another member, or official, to confer upon him some right or benefit to which he deems himself entitled. I know of no warrant in law for such a practice. Neither the order nor the division is a party to

the motion, and, assuming that the relator is entitled to relief, his remedy must be sought at least in the first instance within the order and pursuant to such rules and regulations as may have been adopted for the government of the members.

As to the application to punish the secretary and treasurer for contempt of court in not furnishing a transfer card, it is perhaps sufficient to say that the refusal to furnish it disobeys no order of court, as the relator's right to such a card has never been the subject of adjudication. The writ of mandamus restored him to membership with the rights existing at the time he was expelled. He had not then claimed the right to withdraw from the jurisdiction of Millard Division, and his right to so withdraw under the rules of the order depends upon whether at the time of the application he is a resident and employed within the territory constituting such jurisdiction. The respondent asserts that the relator still resides and is employed within the jurisdiction, and it is very evident that, if this be not so, the relator must have moved and must have given up his employment at some definite time and under circumstances easily susceptible of proof, and the failure to make such proof is calculated to throw some doubt upon the good faith of the statement. Moreover, it is undisputed that prior to these proceedings the plaintiff applied to the court for a mandamus to compel the respondent to furnish the transfer card, work and password in question, which application was heard before the same learned justice who presided on the trial in which the relator secured his restoration, and the application was denied.

Nearly a year expired after the acts of which the relator complains and before the institution of these proceedings. In the meanwhile the relator was again expelled from Millard Division after a trial upon charges which appear to have been properly presented and to be within the jurisdiction of the order. From the decision then rendered he took the various appeals allowed by the rules of the order, with the result that the expulsion has been finally affirmed and ratified by the highest jurisdiction. He has insisted upon this appeal that the expulsion was upon the same old charges which were judicially condemned at the time of his reinstatement, and that the act of expulsion was in itself contumacious and in contempt of the judgment of the court, but the record does not justify the con-

tention or afford any lawful ground for disregarding the action of the order.

The order appealed from should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.